T.C. Summary Opinion 2005-166


UNITED STATES TAX COURT


LORENZO D. HARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3333-04S.          Filed November 10, 2005.


Lorenzo D. Harris, pro se.

<u>James R. Rich</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,558 for the taxable year 2002.

After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to claim a dependency exemption deduction for KH;[2] (2) whether petitioner is entitled to head-of-household filing status; (3) whether petitioner is entitled to an earned income credit; and (4) whether petitioner is entitled to a child tax credit for taxable year 2002.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Dillon, South Carolina, on the date the petition was filed in this case.

In April of 1999, petitioner and Felecia Ann Harris (Ms. Harris) were married. Ms. Harris had two children from prior relationships. Petitioner and Ms. Harris had a child, KH, in April of 2002. KH is the only child at issue in the case at bar.

Petitioner and Ms. Harris separated in June of 2002. However, they never formally divorced. In fact, at the time of

---

[1]At trial, petitioner conceded that he was not entitled to the Hope Scholarship Credit pursuant to sec. 25A, which he had claimed on his 2002 Federal income tax return.

[2]The Court uses only the minor child's initials.

trial, petitioner and Ms. Harris had reconciled and were living together again as husband and wife.

During taxable year 2002, petitioner was employed by Dillon Yarn Corporation and Burley Management. Dillon Yarn Corporation issued to petitioner a Form W-2, Wage and Tax Statement, which reflected wages earned of $23,678.72. The record does not contain a Form W-2 issued by Burley Management. Although petitioner did not pay child support to Ms. Harris during taxable year 2002, he paid for health insurance for KH during taxable year 2002.

Ms. Harris filed a Form 1040, U.S. Individual Income Tax Return, for the 2002 taxable year. She did not claim KH as her dependent on said return.

On or about February 2, 2003, petitioner electronically filed his Form 1040 for the taxable year 2002. Petitioner filed his 2002 Federal income tax return as a head of household and claimed a dependency exemption deduction for KH. Petitioner also claimed an earned income credit with KH as the qualifying child, a child tax credit with KH as the qualifying child, and a Hope Scholarship Credit pursuant to section 25A.[3] Additionally, petitioner reported wage income of $25,813 and an adjusted gross income of $25,813.

---

[3]As previously noted, at trial petitioner conceded that he was not entitled to the Hope Scholarship Credit pursuant to sec. 25A.

On December 5, 2003, respondent issued a notice of deficiency denying petitioner: (1) The claimed dependency exemption deduction; (2) head-of-household filing status; (3) the claimed earned income credit; (4) the claimed child tax credit; and (5) the claimed Hope Scholarship Credit for taxable year 2002. Further, respondent changed petitioner's filing status to single in the notice of deficiency.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted.'"[4] Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C.

_____

[4]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer. See Bernardo v. Commissioner, T.C. Memo. 2004-199.

438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in the case at bar.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

1. Deduction for Dependency Exemption

As previously stated on his 2002 Federal income tax return, petitioner claimed a dependency exemption deduction for KH, which respondent disallowed.

Section 151 allows deductions for exemptions for dependents of the taxpayer. See sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part, to include a son or daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer. "[S]upport" includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In determining whether an individual received more than one-half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources.  Id.  A special support test applies to certain parents.  Section 152(e) provides:

> SEC. 152(e).  Support Test in Case of Child of Divorced Parents, Etc.--
>
> (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--
>
> (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--
>
> (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
>
> (ii) who are separated under a written separation agreement, or
>
> (iii) who live apart at all times during the last 6 months of the calendar year, and
>
> (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
>
> such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").
>
> (2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

If the requirements of section 152(e)(1) are met, the child is treated as having received over half of his support from the custodial parent, and the custodial parent is entitled to the dependency exemption deduction. The noncustodial parent can gain entitlement to the deduction if the custodial parent executes a valid written declaration under section 152(e)(2) releasing the claim to the deduction. The declaration may apply to 1 year, a set number of years, or all future years. Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Petitioner testified that KH resided with him after he and Ms. Harris separated in June of 2002. Petitioner did not offer into evidence any documentation to substantiate his claim that KH resided with him during the last 6 months of the taxable year 2002. In fact, at trial, several documents were entered into evidence as joint exhibits that would draw a contrary conclusion.

Petitioner testified that during the last 6 months of 2002

he lived apart from Ms. Harris in his parents' home.  Petitioner further testified that KH resided with him in his parents' home along with his mother, father, and sister.  Petitioner testified that Ms. Harris resided in their marital home which was approximately 6 miles from his parents' home.

The record of this case contains a signed letter written by petitioner's mother, Barbara Harris.  This letter states that petitioner paid her $150 per month for boarding expenses and that "who all was living in the home at the time [was] Henry W. Harris [petitioner's father], Barbara M. Harris [petitioner's mother], and Bethany Harris [petitioner's sister]".  The letter does not identify KH as a resident of petitioner's parents' household.

Petitioner testified that he did not change his or KH's residency information on any formal documents when they moved in with his parents in June of 2002 because he did not want to lose insurance coverage for his wife or KH from his employer's insurance plan.

Petitioner relies on his self-serving testimony to establish that he was the custodial parent of KH for the taxable year 2002.  However, it is well established that we are not required to accept self-serving testimony in the absence of corroborating evidence.  Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Petitioner failed to produce any corroborating evidence to support his

testimony. In fact, petitioner's mother's letter contradicts petitioner's testimony that he was the custodial parent of KH. Therefore, we conclude that petitioner has not established that he was the custodial parent of KH for taxable year 2002. Further, petitioner has not offered into evidence any document that would constitute a valid written declaration under section 152(e)(2) releasing the claim to the dependency exemption deduction with respect to KH. Petitioner, therefore, is not entitled to the dependency exemption deduction for taxable year 2002 with respect to KH. Secs. 151(a), (c), and 152(a). Respondent's determination on this issue is sustained.

2. Head of Household

As previously stated, petitioner claimed head-of-household filing status on his 2002 Federal income tax return. Respondent changed the filing status to single in the notice of deficiency.

Section 1(b) imposes a special income tax rate on an individual filing as head-of-household. As relevant herein, section 2(b) defines a "head-of-household" as an unmarried individual who maintains as his or her home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child of the taxpayer. Sec. 2(b)(1)(A)(i).

As previously stated, petitioner is unable to establish that his residence, his parents' home, constituted the principal place

of abode for KH for more than one-half of the taxable year.
Petitioner has not claimed that any other qualifying individual
resided in his household.  It follows, therefore, that petitioner
is not entitled to claim head-of-household filing status.
Accordingly, respondent's determination on this issue is
sustained.

3.  <u>Earned Income Credit</u>

As previously stated, petitioner claimed an earned income
credit for taxable year 2002 with KH as the qualifying child.  In
the notice of deficiency, respondent disallowed the earned income
credit in full.

Subject to certain limitations, an eligible individual is
allowed a credit which is calculated as a percentage of the
individual's earned income.  Sec. 32(a)(1).  Earned income
includes wages.  Sec. 32(c)(2)(A).  Section 32(c)(1)(A)(i), in
pertinent part, defines an "eligible individual" as "any
individual who has a qualifying child for the taxable year".  A
"qualifying child" is one who satisfies a relationship test, a
residency test, and an age test.  Sec. 32(c)(3).  The pertinent
parts of section 32(c)(3) provide:

> (3) Qualifying child.--
>
>> (A) In general.--The term "qualifying child" means,
>> with respect to any taxpayer for any taxable year, an
>> individual--
>>
>>> (i) who bears a relationship to the taxpayer
>>> described in subparagraph (B),

(ii) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year, and

(iii) who meets the age requirements of subparagraph (C).

As previously stated, petitioner has not established that his residence was the principal place of abode for KH for more than one-half of the taxable year 2002. We find that KH fails the residency test of section 32(c)(3)(ii). Accordingly, respondent's determination on this issue is sustained.

## 4. Child Tax Credit

As previously stated, petitioner claimed a child tax credit for taxable year 2002 with KH as the qualifying child. In the notice of deficiency, respondent disallowed the child tax credit.

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. The term "qualifying child" is defined in section 24(c). As relevant here, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 24(c)(1)(A).

We have already held that petitioner is not entitled to the dependency exemption deduction under section 151 for KH. Accordingly, KH is not considered a "qualifying child" within the meaning of section 24(c). It follows, therefore, that petitioner

is not entitled to a child tax credit under section 24(a) with respect to KH.

In view of the foregoing, we sustain respondent's determination on this issue.

Furthermore, we have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.